"O"
JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRYAN M. LOVE, et al.,** | CASE NO. EDCV 08-0060 AG (CTx) |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| **FIRST MORTGAGE CORPORATION, et al.,** | |
| Defendants. | |

　　　　Plaintiffs Bryan M. Love and Catarina H. Love ("Plaintiffs") are among many plaintiffs currently before this Court who make claims arising from their purchase of an Option Adjustable Rate Mortgage ("ARM") loan. Plaintiffs filed a Third Amended Complaint ("TAC"). Defendants First Mortgage Corporation ("First Mortgage") and Countrywide Home Loans, Inc. ("Countrywide") (collectively "Defendants") each filed a Motion to Dismiss the TAC ("Motions"). After considering all arguments submitted, the Court GRANTS Defendants' Motions to Dismiss as to Plaintiffs' federal claims.

**BACKGROUND**

The following facts are taken from the TAC, and for the purpose of this Motion the Court assumes them to be true. Plaintiffs were consumers who refinanced their existing home loan and entered into an Option ARM loan with First Mortgage on May 11, 2006. (TAC ¶ 2.) First Mortgage sold Option ARM home loans to Plaintiffs and other similarly situated consumers. (TAC ¶ 4.) In selling these home loans, First Mortgage offered a low initial teaser rate but did not disclose that "this rate would sharply increase after only one month" or that negative amortization "was certain to occur because of the large spread between the teaser rate and the combined index and margin." (TAC ¶¶ 17, 18.) Harsh exit penalties prevented Plaintiffs from escaping the loans. (TAC ¶ 26.) Countrywide either purchased or was assigned Plaintiffs' Option Arm loan. (TAC ¶ 13.)

Plaintiffs filed their original Complaint in this Court based on federal question jurisdiction, under 28 U.S.C. § 1331. (Complaint ¶ 13.) First Mortgage filed a Motion to dismiss Plaintiffs' Complaint. In Plaintiff's opposition to that motion, Plaintiffs applied for leave to amend their Complaint to add a new potential class representative. The Court granted Plaintiffs' application and, therefore, vacated First Mortgage's Motion to Dismiss Plaintiffs' Complaint.

Plaintiffs filed an amended complaint that they mistakenly labeled the "Second Amended Complaint" ("SAC"), but Plaintiffs did not add a new class representative. In the SAC, Plaintiffs alleged five claims: (1) violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"); (2) fraudulent omissions; (3) violations of California Business & Professions Code Section 17200, *et seq.* (the "UCL"), for unlawful, unfair, and fraudulent business practices; (4) breach of contract; and (5) tortious breach of the covenant of good faith and fair dealing. Of those, Plaintiffs' only claims based on federal questions were: (1) Plaintiffs' first claim, for TILA violations; and (2) Plaintiffs third claim, for violations of the UCL, to the extent that claim was based on TILA violations and violation of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41-58. First Mortgage filed a Motion to Dismiss Plaintiffs' SAC, and the Court

granted that motion because Plaintiffs failed to adequately allege a federal claim. (July 30, 2009 Order Granting Defendant's Motion to Dismiss Plaintiffs' SAC ("July 30, 2009 Order"), Docket Entry 61.) In granting First Mortgage's Motion to Dismiss Plaintiffs' SAC, the Court stated that "[i]f Plaintiffs' federal claims are not viable, then Plaintiffs' remaining claims are not appropriately before this Court." (July 30, 2009 Order 2:8-9.) And the Court specifically instructed that "Plaintiffs should only amend their federal claims. If Plaintiffs amend these claims successfully, then the Court will address Plaintiffs' other claims." (July 30, 2009 Order 2:12-13.)

Plaintiffs allege the same five claims in their TAC. But Plaintiffs still fail to adequately state a federal claim. Plaintiffs' other claims are in this Court based on this Court's supplemental jurisdiction, under 28 U.S.C. § 1367. (TAC ¶ 14.) Because Plaintiffs did not successfully amend their federal claims, Plaintiffs' remaining claims are not appropriately before this Court.

Plaintiffs have had three opportunities to draft a proper complaint. Plaintiffs' failure to adequately allege a federal claim in their TAC is particularly significant due to the Court's specific instructions that "Plaintiffs should only amend their federal claims." (July 30, 2009 Order 2:12-13.)

The Court GRANTS the Motions without leave to amend as to Plaintiffs' federal claims, but without prejudice as to Plaintiffs filing their state law claims in state court.

**LEGAL STANDARD**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences

from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1940, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

**ANALYSIS**

The Court considers Plaintiffs' federal claims: (1) Plaintiff's first claim, for TILA violations; and (2) Plaintiffs' third claim, for violation of the UCL, to the extent this claim is based on TILA violations and violation of the FTC Act. Plaintiffs claim for TILA violations fails to state a claim. And Plaintiffs claim for violation of the UCL fails to state a claim based on TILA or FTC Act violations. Because Plaintiffs' federal claims are not viable, state court is the more appropriate forum for Plaintiffs' remaining claims.

**1.     PLAINTIFFS' FIRST CLAIM, FOR TILA VIOLATIONS**

Plaintiff's first claim is for TILA violations. Plaintiffs allege that Defendants failed to make mandatory disclosures in the Option ARM loans. (TAC ¶ 65.) TILA requires lenders to disclose clearly and accurately all the material terms of a credit transaction. 15 U.S.C. § 1601, *et*

1 *seq.* TILA provides borrowers with two remedies for a lenders disclosure violations: (1)
2 rescission under 15 U.S.C. § 1635; and (2) damages under 15 U.S.C. § 1640. *See Monaco v.*
3 *Bear Stearns Residential Mortgage Corp.,* 554 F. Supp. 2d 1034, 1038 (C.D. Cal. 2008). Here,
4 Plaintiffs fail to state a claim for rescission or damages.

5 First, Plaintiffs fail to adequately allege a TILA rescission claim because they do not
6 allege that they can return to Defendants the balance of the loan. To state a claim for rescission
7 under TILA, a plaintiff must allege the ability to return to the lender the principal of the
8 mortgage loan minus all interest and fees paid to the creditor and all third parties at closing, and
9 any fees paid to the creditor after closing. *Semar v. Platte Valley Federal Savings and Loan,* 791
10 F.2d 699 (9th Cir. 1986). Under the literal language of 15 U.S.C. § 1635(b), a consumer
11 exercising the right of rescission need not return the principal of the loan to the creditor until
12 *after* the creditor has released the security interest. But the last sentence of that section states
13 that "the procedures prescribed by this subsection shall apply except when otherwise ordered by
14 a court." 15 U.S.C. § 1635(b). That sentence has been interpreted to allow courts to demand that
15 the borrower return the loan's principal balance to the creditor before rescission is granted. *See*
16 *Yamato v. Bank of New York,* 329 F.3d 1167, 1171 (9th Cir. 2003) (stating that courts have the
17 power to confirm that the borrower "could repay the loan proceeds before going through the
18 empty (and expensive) exercise of a trial on the merits"); *Powers v. Sims and Levin,* 542 F.2d
19 1216, 1221 (4th Cir. 1976) (noting that courts may exercise "traditional equity powers" and
20 "condition the borrowers' continuing right of rescission upon their tender to the lender of all the
21 funds spent by the lender"). This Court embraces the policy that "a plaintiff cannot state a claim
22 for rescission under TILA without at least alleging that he is financially capable of returning the
23 principal of the loan." *Farmer v. Countrywide Financial Corp.,* No. SACV 08-1075 AG
24 (RNBx), 2009 WL 1530973, at *5 (C.D. Cal. May 18, 2009).

25 Here, Plaintiffs allege that if the Court orders rescission, Plaintiffs "should be able to
26 obtain another mortgage or make such other repayment arrangements as this Court determines
27 are appropriate." (TAC ¶ 108.) But Plaintiffs do not allege any facts to show that they will
28 qualify for another mortgage. And Plaintiffs do not allege that they have applied or been

approved for another mortgage. Plaintiffs' speculative allegation that they "should be able" to tender the principal of the loan does not amount to an allegation that they are financially capable of returning the principal of the loan. Thus, Plaintiffs fail to state a claim for rescission under TILA.

Second, Plaintiffs do not allege a damages claim under TILA because an action for damages under TILA must be brought within one year of the alleged violation. 15 U.S.C. § 1640(e). Here, Plaintiffs entered into the loan agreement on May 11, 2006 but did not file this action until 20 months later on January 17, 2008. And Plaintiffs "concede[d] that their claims for statutory damages [were] properly dismissed." (Plaintiffs' Opposition to First Mortgage's Motion to Dismiss Plaintiffs' SAC 4:10-11.) Thus, Plaintiffs cannot allege a claim for damages or rescission under TILA.

### 2. PLAINTIFFS' THIRD CLAIM, FOR VIOLATIONS OF THE UCL

Plaintiffs' third claim is for violations of the UCL. Plaintiffs allege that Defendants engaged in unfair, unlawful, and fraudulent business practices. The relevant section of the UCL provides relief for "unfair competition," defined as "any unlawful, unfair or fraudulent business act of practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

Plaintiffs' UCL claim is based on five underlying alleged wrongful acts: (1) TILA violations; (2) violation of the FTC Act; (3) fraud; (4) deceit; and (5) negligence. (TAC ¶¶ 131, 132.) But only two of these alleged wrongful acts could create federal question jurisdiction: TILA violations and violation of the FTC Act. The Court considers each in turn.

#### 2.1 TILA violations

In Section 1, the Court concluded that Plaintiffs fail to adequately allege a TILA claim. Thus, Plaintiffs also fail to adequately allege a UCL claim based on TILA violations.

6

**2.2  Violation of the FTC Act**

In the July 30, 2009 Order, the Court dismissed Plaintiffs' SAC, in part, because Plaintiffs failed to state a UCL claim based on a violation of the FTC Act. Plaintiffs', in the SAC, made only one brief reference to the FTC Act. There, Plaintiffs alleged that:

> Defendants' unlawful business acts and/or practices as alleged herein have violated numerous laws and/or regulations . . . . These predicate unlawful business acts and/or practices include, but are not limited to the following: Truth-in-Lending Act Laws ("TILA"), 15 U.S.C. § 1601, *et seq.* []; *Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41-58*, California Civil Code §§ 1572 (Actual Fraud- Omissions), 1573 (Constructive Fraud by Omission), and 1710 (Deceit).

(SAC ¶ 83 (emphasis added).)

In the July 30, 2009 Order, the Court stated that:

> Plaintiffs do not allege what part of the FTC Act Defendant has allegedly violated, much less allege "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. At 1940 (internal citations omitted).

(July 30, 2009 Order 6:8-11.)

Plaintiffs fail to cure the deficiencies that led the Court to dismiss Plaintiffs' SAC. In the TAC, Plaintiffs make only two additional references to the FTC Act. First, Plaintiffs state that Defendants unlawful business acts and/or practices include "Federal Trade Commission Act

("FTC Act"), 15 U.S.C. §§ 41-58, *and specifically 15 U.S.C. § 45(a)(1) because of the allegations made herein*." (TAC ¶ 131 (emphasis added).) Second, Plaintiffs include the following footnote: "15 U.S.C. § 45(a)(1) states: 'Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful.'" (TAC ¶ 131, n. 1.) Countrywide argues that "Plaintiffs plead no factual allegations sufficient to establish a violation of the (FTC) Act." (Countrywide Motion 2:1-2.) The Court agrees.

Although Plaintiffs now allege which section of the FTC Act Defendants allegedly violated, Plaintiffs still fail to specify "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949 (internal citations omitted). Plaintiffs, in their TAC, fail to point to facts to show a violation of the FTC Act. And in Plaintiffs' opposition, Plaintiffs make no reference to the FTC Act, much less point to any specific factual allegations to establish a violation of the FTC Act. Thus, Plaintiffs fail to adequately state a UCL claim based on a violation of the FTC Act.

**DISPOSITION**

The Court finds that the deficiencies of Plaintiffs' federal claims cannot be cured by amendment. *See Jackson*, 353 F.3d at 758. Accordingly, Defendants' Motions to Dismiss are GRANTED without leave to amend as to Plaintiffs' federal claims, but without prejudice as to Plaintiffs filing their state law claims in state court.

IT IS SO ORDERED.

DATED: December 14, 2009

_____
Andrew J. Guilford
United States District Judge